**ROBERTA L. STEELE, SBN 188198 (CA)**
**MARCIA L. MITCHELL, SBN 18122 (WA)**
**DEBRA A. SMITH, SBN 147863 (CA)**
**LINDA S. ORDONIO DIXON, SBN 172830 (CA)**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**
**450 Golden Gate Avenue, 5th Floor West**
**P.O. Box 36025**
**San Francisco, CA 94102-3661**
**Telephone No. (415) 522-3070**
**Fax No. (415) 522-3425**
**Linda.Ordonio-Dixon@eeoc.gov**

***Attorneys for Plaintiff EEOC***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC., CALIDAD INDUSTRIES, INC.,**<br><br>**Defendants.** | **Case No.:**<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION**<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 (Title VII), Title I of the Americans with Disabilities Act (ADA) and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, retaliation and disability, and to provide appropriate relief to charging parties Phyllis Newells, Carla Fuller, Stephanie League, Ann Burton, Lisa Short, Doward Washington and Raynesha McGhee-Reed and other aggrieved employees who were adversely affected by such practices. As alleged with greater particularity below, defendants

GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC. (Goodwill) and CALIDAD INDUSTRIES, INC. (Calidad) engaged in unlawful discrimination by:

a) Subjecting Carla Fuller, Stephanie League, Ann Burton and other similarly situated women to sexual harassment in violation of Title VII;

b) Retaliating against Lisa Short and Doward Washington in violation of Title VII because they opposed sexual harassment, participated in investigations of sexual harassment and provided evidence to support claims of sexual harassment;

c) Creating discriminatory terms and conditions of employment for Lisa Short that were so oppressive that she felt she had no choice but to resign;

d) Fabricating work measurements (time studies) used to set wage rates for disabled employees and thereby subjecting them to disparate terms and conditions of employment which resulted in a denial of fair payment for work performed in violation of the ADA;

e) Commingling medical records with non-medical personnel records and thereby failing to keep the medical records confidential in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3), Section107(a) of the ADA, 42 U.S.C. §12117(a) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the Northern District of California because the alleged unlawful employment practices were committed in the State of California, City of Oakland and in the County of Alameda.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Francisco/Oakland Division of this Court because the unlawful employment practices alleged were committed within Alameda County, which is within the jurisdiction of the San Francisco/Oakland Division.

**PARTIES**

4. Plaintiff, the Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3). The EEOC is also charged with the administration, interpretation, and enforcement of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

5. At all relevant times, Defendants GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC. and CALIDAD INDUSTRIES, INC. (Employers), have continuously been California corporations doing business in the State of California and the City of Oakland, and have continuously had at least 15 employees.

6. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce, within the meaning of Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h), and Section 101(5) of the ADA, 42 U.S.C. §12111(5), as well as Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

7. At all relevant times, Defendants have been covered entities within the meaning of Section 101(2) of the ADA, 42 U.S.C. §1211(2).

**ADMINISTRATIVE PROCEDURES**

8. More than thirty days prior to the institution of this lawsuit, Phyllis Newells, Carla Fuller, Stephanie League, Ann Burton, Lisa Short, and Doward Washington, current or former employees of Defendants, filed timely charges with the EEOC alleging violations of Title VII by Defendants.

9. More than thirty days prior to the institution of this lawsuit, Raynesha McGhee-Reed, a current employee of Defendants, filed a timely charge with the EEOC alleging violations of the ADA by Defendants.

10. On November 4, 2014, the EEOC issued to Defendants a Determination for Ann

Burton's charge finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. On November 4, 2014, the EEOC issued to Defendants a Determination for Carla Fuller's charge finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. On November 4, 2014, the EEOC issued to Defendants a Determination for Stephanie League's charge finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. On November 4, 2014, the EEOC issued to Defendants a Determination for Raynesha McGhee-Reed's charge finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14. On November 4, 2014, the EEOC issued to Defendants a Determination for Phyllis Newells's charge finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15. On November 4, 2014, the EEOC issued to Defendants a Determination for Lisa Short's charge finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

16. On November 4, 2014, the EEOC issued to Defendants a Determination for Doward Washington's charge finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

17. On January 27, 2015, the EEOC sent a conciliation proposal to Defendants outlining

the terms for a collective resolution of the charges and claims described in paragraphs 8 through 16, above.

18. On March 10, 2015, Defendants sent a letter responding to the EEOC's January 27, 2015 letter and providing a counter proposal for resolution of the claims.

19. On May 12, 2015, an in-person Conciliation conference was convened with representatives of the EEOC and Defendants as well as their respective counsel in attendance. During this conference, the parties engaged in conciliation negotiations.

20. On May 19, 2015, the EEOC investigator and Defendants' counsel spoke via telephone to continue conciliation negotiations.

21. The EEOC was unable to secure from Defendants a conciliation agreement acceptable to the EEOC.

22. In a letter dated June 16, 2015, the EEOC notified Defendants that the EEOC had determined that efforts to conciliate the charges were unsuccessful and that further conciliations would be futile or non-productive. The letter also informed Defendants that no further efforts would be taken to conciliate the charges.

23. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Sexual Harassment Claims

24. Beginning in at least 2009 and continuing through approximately July 2012, Defendant Employers engaged in unlawful employment practices within their Oakland Federal Building operations in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These practices, which occurred on a regular basis, included subjecting Burton, Fuller, League and other similarly situated employees to unwelcome, severe or pervasive conduct on the basis of their sex, female, which created an offensive, abusive, intimidating, and hostile work environment. The harassment involved both verbal and physical acts, as described below.

25. Defendants' supervisor, Warren Ross, engaged in repeated sexually offensive verbal and physical acts toward his female subordinates, all of whom worked as janitors on the night shift at the Oakland Federal Building. Ross was Defendants' highest ranking supervisor on the night shift.

26. Ross would constantly grope and/or adjust his genitals in the presence of or while staring at female employees, moving his hand in a manner connoting masturbation. Ross's fondling of his crotch was so open and notorious that other employees were also aware of it.

27. Ross would repeatedly stare at the women's bodies and in particular their breasts and buttocks. As an example, Ross kept employee keys and work badges in his bottom desk drawer and would look down the women's shirts as they bent over to retrieve these items. Other times, Ross dropped items, such as coins, on the floor so that he could observe female employees buttocks as they bent over to retrieve the item.

28. Ross made repeated unwelcome and sexually charged comments to his female subordinates. He questioned them about their sex lives and frequently made inappropriate advances.

29. Ross also engaged in unwelcome and offensive touching including hugging, massaging female employees' backs and putting his hands on their shoulders as he talked to them.

30. The charging parties and other similarly situated women made repeated complaints regarding Ross. Despite actual and constructive notice of the harassment described above, Defendants failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile environment. The hostile work environment persisted until approximately June or July of 2012 when the U.S. General Services Administration revoked Ross's access to Oakland Federal Building because of the harassment allegations. Defendants thereafter transferred him to another location. Defendants never disciplined Ross for any of the alleged harassment.

31. The effect of the practices complained of in paragraphs 24 through 30 above has been to deprive the charging parties and claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

32. The unlawful employment practices complained of in paragraphs 24 through 30 above were intentional.

33. The unlawful employment practices complained of in paragraphs 24 through 30 above were done with malice or in reckless indifference to the federally protected rights of the charging parties and claimants.

**Retaliation Claims**

34. The EEOC hereby incorporates the allegations of paragraphs 8 through 23 above as though fully set forth herein.

35. Since at least approximately June 2012, Defendants engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by taking adverse employment actions against charging parties Short and Washington because they opposed sexual harassment, participated in investigations of sexual harassment and otherwise provided evidence or testimony to support allegations of discrimination.

36. Lisa Short was employed by Defendants as a Project Manager at the Oakland Federal Building. In approximately April 2012, Short received complaints from female janitors on the night shift regarding Ross's sexually inappropriate behavior, comments and touching. She promptly notified Defendants' officials of the complaints and afterward helped the women memorialize their complaints in writing. After Defendants failed to make a meaningful response to the complaints, Short directed the women to the EEOC and helped them file charges of discrimination with the EEOC.

37. Short also participated in and provided statements supporting the aggrieved janitors in conjunction with the EEOC's administrative investigation as well for an investigation conducted by the Federal Protective Service (FPS). Defendants had knowledge of both investigations and specifically questioned Short about her involvement.

38. Beginning in approximately June 2012, Defendants repeatedly and unjustifiably reprimanded and disciplined Short. Short was also transferred to the night shift which interfered with her ability to perform her duties. Defendants acts were in retaliation for Short's protected activity as described in paragraphs 36 and 37, above.

39. From April 2012 through October 2012, Defendants retaliated against Short to such a degree that it created an environment so abusive and oppressive that she had no choice but to quit. Short was constructively discharged on October 26, 2012.

40. Doward Washington worked for Defendants as an Assistant Project manager. On May 9, 2012, he informed Defendants of a female janitor's complaint of inappropriate behavior

against Ross. Shortly afterward, on or about May 16, 2012, Washington was interviewed about the complaint by Defendant's manager, Cheryl Sudduth. Sudduth attempted to persuade Washington that the complaint was based on a misunderstanding; Washington disagreed. During the interview, Washington revealed to Sudduth that he witnessed Ross making a comment to another female janitor that contained sexual innuendo. On or about July 30, 2012, after Lisa Short filed a charge of discrimination with the EEOC, Sudduth warned Washington against providing a supporting witness statement. Despite this warning, Washington provided a statement to the EEOC which supported the sexual harassment claims against Ross.

41. The month following Washington's participation in the internal and external discrimination investigations, Defendants began unfairly criticizing his work. He was later reprimanded for failing to perform duties for which he had no responsibility.

42. Defendants took the adverse actions described in paragraphs 34 through 41 above, in retaliation for Washington's support of sexual harassment claims against Ross and his participation in the investigation of the claims.

43. The effect of the actions complained of in paragraphs 34 through 41 above has been to deprive Short and Washington of equal employment opportunities and to otherwise adversely affect their status as employees because they engaged in statutorily protected activities.

44. The unlawful employment practices complained of in paragraphs 34 through 41 above were intentional.

45. The unlawful employment practices complained of in paragraphs 34 through 41 above were done with malice or in reckless indifference to the federally protected rights of Lisa Short and Doward Washington.

**ADA Claims**

46. The EEOC hereby incorporates the allegations of paragraphs 8 through 23 above as though fully set forth herein.

47. Since at least 2011, Defendants have engaged in unlawful employment practices within their Oakland Federal Building operations, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12112(a). These practices subjected disabled employees to different terms and

conditions of employment, in violation of the ADA.

48. As an affiliate of Defendant Goodwill Industries, Defendant Calidad operates a work program that helps people living with medically-certified severe physical, mental or psychological impairments obtain economic independence. Calidad's workers with disabilities perform government-contracted services under an "AbilityOne" contract. Defendants' disabled workers are classified as "Apprentices". Newells, Fuller, League, McGhee-Reed and other similarly situated individuals were Apprentices employed by Defendants and therefore, are qualified individuals with a disability under the ADA.

49. Defendants are authorized to pay "Special Minimum Wages" (SMWs) to Apprentice employees under Section 14(c) of the Federal Labor Standards Act (FLSA). 29 U.S.C. §214(c). SMWs are wages prorated to reflect an Apprentice's reduced productivity in comparison to non-disabled workers performing the same type, quality and quantity of work. Defendants are required by FLSA to establish fair and accurate procedures, including time studies, to measure Apprentice and non-disabled employee productivity in order to calculate Apprentice's proportionate rates of pay. However, Defendants fabricated and otherwise manipulated the work measurements, thereby subjecting the disabled workers to disparate terms and conditions of employment based on their disability and in violation of the ADA.

50. The effect of the actions complained of in paragraphs 46 through 49 above has been to deprive Defendants' disabled employees of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

51. The unlawful employment practices complained of in paragraphs 46 through 49 above were intentional.

52. The unlawful employment practices complained of in paragraphs 46 through 49 above were done with malice or with reckless indifference to the federally protected rights of Defendant's disabled employees.

**Commingling of Medical Records**

53. The EEOC hereby incorporates the allegations of paragraphs 8 through 23 above as though fully set forth herein.

54. Defendants have commingled medical records with non-medical records in employee personnel files in violation of Section 102(d)(3)(B) of the ADA.

55. The effect of Defendants' failure to properly segregate medical and personnel files has been to allow, or potentially allow, unauthorized access to their employees' confidential medical information.

56. The unlawful comingling of confidential medical records with non-medical personnel records was and is intentional.

57. The unlawful comingling of confidential medical records with non-medical personnel records was and is being done with malice or with reckless indifference to the federally protected rights of Defendants' disabled employees.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them, from creating, failing to prevent and failing to promptly correct an offensive, abusive, intimidating, and hostile work environment on the basis of sex and engaging in any other employment practice that discriminates on the basis of sex; and/or from engaging in unlawful retaliation for engaging in protected activity; and/or engaging in any employment practice that discriminates against employees on the basis of disability.

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant Employers to make whole the charging parties and others similarly situated, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant Employers to make whole the charging parties and others similarly

situated by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant Employers to make whole the charging parties and others similarly situated by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in above, including inconvenience, pain and suffering, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employers to pay the charging parties and others similarly situated punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

Dated: 12/13/16

*/S/ Roberta L. Steele*
ROBERTA L. STEELE
Regional Attorney

Dated: 12/13/16

*/S/ Marcia L. Mitchell*
MARCIA L. MITCHELL
Supervisory Trial Attorney

Dated: 12/13/16

*/S/ Debra A. Smith*
DEBRA A. SMITH
Senior Trial Attorney

Dated: 12/13/16

*/S/ Linda S. Ordonio Dixon*
LINDA S. ORDONIO-DIXON
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office