STEVEN D. WERTH, State Bar No. 121153
swerth@aghwlaw.com
HANNIBAL P. ODISHO, State Bar No. 266415
hodisho@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:    (415) 697-2000
Facsimile:     (415) 813-2045

Attorneys for Defendants
GOODWILL INDUSTRIES OF THE GREATER EAST
BAY, INC. and CALIDAD INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC., CALIDAD INDUSTRIES, INC.,<br><br>Defendants. | Case No. 4:16-cv-07093-YGR<br><br>*Hon. Yvonne Gonzalez Rogers*<br><br>**DEFENDANT GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC. AND CALIDAD INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Come now Defendants GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC. and CALIDAD INDUSTRIES, INC. ("Defendants"), and in answer to the complaint on file herein admit and allege as follows:

**JURISDICTION AND VENUE**

1.   In answer to the allegations of paragraph 1 of the complaint, Defendant admits this Court has jurisdiction over Defendants. As to the remaining allegations in paragraph 1 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, the remaining allegations contained therein.

///

2. In answer to the allegations of paragraph 2 of the complaint, Defendant admits that venue is proper in this Court. As to the remaining allegations in paragraph 2 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, the remaining allegations contained therein.

**INTRADISTRICT ASSIGNMENT**

3. In answer to the allegations of paragraph 3 of the complaint, Defendant admits that this action is appropriate for assignment to the San Francisco/Oakland Division of this Court. As to the remaining allegations in paragraph 3 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, the remaining allegations contained therein.

**PARTIES**

4. In answer to the allegations of paragraph 4 of the complaint, Defendant admits that Plaintiff is an agency of the United States of America. As to the remaining allegations in paragraph 4 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, the remaining allegations contained therein.

5. Admitted.

6. In answer to the allegations of paragraph 6 of the complaint, Defendant admits that it is an employer covered by the Americans with Disabilities Act. As to the remaining allegations in paragraph 6 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, the remaining allegations contained therein.

7. In answer to the allegations of paragraph 7 of the complaint, Defendant admits that it is an employer covered by the Americans with Disabilities Act. As to the remaining allegations in paragraph 7 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground,

deny both generally and specifically, the remaining allegations contained therein.

**ADMINISTRATIVE PROCEDURES**

8. In answer to the allegations of paragraph 8 of the complaint, Defendants admit that the Charging Parties named in paragraph 8 filed a charge with the EEOC. As to the remaining allegations in paragraph 8 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

9. In answer to the allegations of paragraph 9 of the complaint, Defendants admit that Ms. McGhee-Reed filed a charge with the EEOC. As to the remaining allegations in paragraph 9 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

10. In answer to the allegations of paragraph 10 of the complaint, beginning with "On November 4, 2014" and ending with "finding," admitted. Beginning with "inviting Defendants to join with the Commission" and ending with "conciliation," also admitted. In answer to all remaining allegations in paragraph 10 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

11. In answer to the allegations of paragraph 11 of the complaint, beginning with "On November 4, 2014" and ending with "finding," admitted. Beginning with "inviting Defendants to join with the Commission" and ending with "conciliation," also admitted. In answer to all remaining allegations in paragraph 11 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

///

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

161213.1

12. In answer to the allegations of paragraph 12 of the complaint, beginning with "On November 4, 2014" and ending with "finding," admitted. Beginning with "inviting Defendants to join with the Commission" and ending with "conciliation," also admitted. In answer to all remaining allegations in paragraph 12 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

13. In answer to the allegations of paragraph 13 of the complaint, beginning with "On November 4, 2014" and ending with "finding," admitted. Beginning with "inviting Defendants to join with the Commission" and ending with "conciliation," also admitted. In answer to all remaining allegations in paragraph 13 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

14. In answer to the allegations of paragraph 14 of the complaint, beginning with "On November 4, 2014" and ending with "finding," admitted. Beginning with "inviting Defendants to join with the Commission" and ending with "conciliation," also admitted. In answer to all remaining allegations in paragraph 14 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

15. In answer to the allegations of paragraph 15 of the complaint, beginning with "On November 4, 2014" and ending with "finding," admitted. Beginning with "inviting Defendants to join with the Commission" and ending with "conciliation," also admitted. In answer to all remaining allegations in paragraph 15 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

16. In answer to the allegations of paragraph 16 of the complaint, beginning with "On November 4, 2014" and ending with "finding," admitted. Beginning with "inviting Defendants to join with the Commission" and ending with "conciliation," also admitted. In answer to all remaining allegations in paragraph 16 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. In answer to the allegations of paragraph 23 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## STATEMENT OF CLAIMS

### Sexual Harassment Claims

24. In answer to the allegations of paragraph 24 of the complaint, denied.

25. In answer to the allegations of paragraph 25 of the complaint, denied.

26. In answer to the allegations of paragraph 26 of the complaint, denied.

27. In answer to the allegations of paragraph 27 of the complaint, denied.

28. In answer to the allegations of paragraph 28 of the complaint, denied.

29. In answer to the allegations of paragraph 29 of the complaint, denied.

30. In answer to the allegations of paragraph 30 of the complaint, beginning with "Defendants thereafter transferred him" and ending with "another location," admitted. Beginning with "Defendants never disciplined" and ending with "alleged harassment," also admitted. In

answer to all remaining allegations in paragraph 30 of the complaint, denied.

31. In answer to the allegations of paragraph 31 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

32. In answer to the allegations of paragraph 32 of the complaint, denied.

33. In answer to the allegations of paragraph 33 of the complaint, denied.

### **Retaliation Claims**

34. In answer to the allegations of paragraph 34 of the complaint, Defendants incorporate by reference the other paragraphs in this Answer.

35. In answer to the allegations of paragraph 35 of the complaint, denied.

36. In answer to the allegations of paragraph 36 of the complaint, beginning with "Lisa Short was employed" and ending with "Oakland Federal Building," admitted. In answer to all remaining allegations in paragraph 36 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, remaining allegations contained therein.

37. In answer to the allegations of paragraph 37 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

38. In answer to the allegations of paragraph 38 of the complaint, beginning with "Short was also transferred" and ending with "perform her duties," these Defendants do not have sufficient information or belief to enable them to answer said allegation, and for that reason and basing their denial on that ground, deny both generally and specifically, this allegation. In answer to the remaining allegations of paragraph 38 of the complaint, denied.

39. In answer to the allegations of paragraph 39 of the complaint, denied.

40. In answer to the allegations of paragraph 40 of the complaint, beginning with

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

161213.1

"Doward Washington worked" and ending with "Assistant Project manager," admitted. Beginning with "Shortly afterward," and ending with "Cheryl Sudduth," also admitted. Beginning with "On May 9, 2012" and "ending with "against Ross," these Defendants do not have sufficient information or belief to enable them to answer said allegation, and for that reason and basing their denial on that ground, deny both generally and specifically, this allegation. In answer to the remaining allegations of paragraph 40 of the complaint, denied.

41. In answer to the allegations of paragraph 41 of the complaint, denied.

42. In answer to the allegations of paragraph 42 of the complaint, denied.

43. In answer to the allegations of paragraph 43 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

44. In answer to the allegations of paragraph 44 of the complaint, denied.

45. In answer to the allegations of paragraph 45 of the complaint, denied.

**ADA Claims**

46. In answer to the allegations of paragraph 46 of the complaint, Defendants incorporate by reference the other paragraphs in this Answer.

47. In answer to the allegations of paragraph 47 of the complaint, denied.

48. In answer to the allegations of paragraph 48 of the complaint, beginning with "As an affiliate of Defendant Goodwill Industries," and ending with "classified as "Apprentices"." admitted. In answer to all remaining allegations in paragraph 48 of the complaint, these Defendants do not have sufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, remaining allegations contained therein.

49. In answer to the allegations of paragraph 49 of the complaint, beginning with "Defendants are authorized to pay" and ending with "calculate Apprentice's proportionate rates of pay," these Defendants do not have sufficient information or belief to enable them to answer said allegation, and for that reason and basing their denial on that ground, deny both generally

1   and specifically, this allegation. In answer to the remaining allegations of paragraph 49 of the

2   complaint, denied.

3         50.      In answer to the allegations of paragraph 50 of the complaint, these Defendants do

4   not have sufficient information or belief to enable them to answer said allegations, and for that

5   reason and basing their denial on that ground, deny both generally and specifically, each and

6   every, all and singular, the allegations contained therein.

7         51.      In answer to the allegations of paragraph 51 of the complaint, denied.

8         52.      In answer to the allegations of paragraph 52 of the complaint, denied.

## Commingling of Medical Records

10        53.      In answer to the allegations of paragraph 53 of the complaint, Defendants

11  incorporate by reference the other paragraphs in this Answer.

12        54.      In answer to the allegations of paragraph 54 of the complaint, denied.

13        55.      In answer to the allegations of paragraph 55 of the complaint, denied.

14        56.      In answer to the allegations of paragraph 56 of the complaint, denied.

15        57.      In answer to the allegations of paragraph 57 of the complaint, denied.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to the relief sought in the Complaint or any relief or damages by virtue of the allegations in the Complaint. Defendants respectfully request Plaintiff's claims be dismissed with prejudice and that Plaintiff takes nothing by reason of said Complaint.

## JURY TRIAL DEMAND

Defendants admit Plaintiff purports to demand a jury trial.

## FIRST AFFIRMATIVE DEFENSE

**AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, election and exhaustion of remedies, waiver and/or jurisdictional prerequisites to suit to the extent that Plaintiff alleges, claims, or relies upon conduct either not identified in the charging parties' Charge of Discrimination or which occurred outside the bounds of the applicable statute of

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

limitations.

## SECOND AFFIRMATIVE DEFENSE

**AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Plaintiff's cause of action under Title VII of the Civil Rights Act of 1964 is barred under the Faragher-Ellerth defense.

## THIRD AFFIRMATIVE DEFENSE

**AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

This Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

## FOURTH AFFIRMATIVE DEFENSE

**AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

At all times relevant hereto, Defendants have acted in good faith and has not violated any rights which may be secured to the Charging Parties under any federal, state, or local laws, rule, regulations or guidelines with respect to its decisions regarding the Charging Parties' employment.

## FIFTH AFFIRMATIVE DEFENSE

**AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Plaintiff's claims are barred, to the extent discovery may show Plaintiff failed to comply with statutory and/or administrative deadlines, failed to comply with all administrative, jurisdictional and/or statutory prerequisites to filing suit or to the extent they are beyond the scope of, or the Charging Parties failed to include them in, a timely filed Charge of Discrimination.

///

///

///

## SIXTH AFFIRMATIVE DEFENSE

**AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Plaintiff's claims are barred and/or recovery of damages is precluded due to the Charging Parties' own misconduct that may be revealed during the discovery process (after-acquired evidence doctrine), including, but not limited to, the Charging Parties' failure to perform, or their potential avoidance of, the essential functions of their position during their employment with Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

**AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Plaintiff's claims for damages are barred or reduced by the Charging Parties' and Plaintiff's failure to mitigate their alleged damages, by their failure to suffer actual damages and/or by their inability to prove actual damages.

## EIGHTH AFFIRMATIVE DEFENSE

**AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Any and all actions taken by Defendants with respect to the Charging Parties' employment or the terms and conditions thereof were based upon reasonable factors and legitimate business reasons, were not pretextual, and were not discriminatory.

## NINTH AFFIRMATIVE DEFENSE

**AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Plaintiff's claims are barred and/or any recovery of damages is precluded because Charging Parties unreasonably failed to take advantage of preventive or corrective opportunities, to give Defendants adequate notice of alleged discriminatory treatment they now claim to have experienced and/or to avoid harm otherwise.

///

**TENTH AFFIRMATIVE DEFENSE**

**AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Defendant denies that Plaintiff or the Charging Parties are entitled to any relief whatsoever due to the statutory caps and limits on compensatory, punitive, and other types of damages, which potentially limit the compensatory, punitive, and other types of damages Plaintiff and the Charging Parties can recover, and, specifically, may limit Plaintiff's and/or the Charging Parties' recovery of the relief requested in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Defendants are not liable for punitive damages because it did not commit any knowing, wanton, intentional or malicious acts against any of the Charging Parties, nor did it authorize or ratify such acts by any of its employees, managing agents, officers, or directors, nor did it act with reckless indifference to any of the Charging Parties' rights.

**TWELFTH AFFIRMATIVE DEFENSE**

**AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Defendants would have taken the same actions and made the same decisions irrespective of any alleged unlawful intent, therefore, Plaintiff's claims fail as a matter of fact and law, even if Plaintiff was able to prove (and it cannot) that Defendants' actions and decisions were motivated, in whole or in part, by unlawful discriminatory or retaliatory intent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

The claims of the EEOC on behalf of the Charging Parties may be barred by the equitable doctrine of laches, waiver, and estoppel.

///

161213.1

**FOURTEENTH AFFIRMATIVE DEFENSE**

**AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

To the extent the Charging Parties committed any acts and omissions causing the claims of the EEOC on their behalf to be barred, in whole or in part, by the doctrine of unclean hands, any equitable relief requested by the EEOC is barred.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

All employment actions taken by Defendants with respect to the Charging Parties were based on legitimate, non-discriminatory reasons, were lawful, proper, and appropriate, and Defendants acted at all times in good faith and never with negligence, willfulness or malice.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

The claims of the EEOC on behalf of the Charging Parties are barred on the grounds that even if any decision by Defendants concerning any of the Charging Parties was based in part on discriminatory grounds, Defendants would have reached the same decision absent any partially discriminatory motive.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Assuming, *arguendo*, that any employee of Defendants engaged in any unlawful conduct toward any of the Charging Parties, which Defendants deny, such misconduct was contrary to Defendants' express policies and beyond the scope of the individual's employment and cannot be attributed to Defendants, and Defendants cannot be held liable for any such misconduct under the concept of respondent superior; nor are Defendants otherwise vicariously liable.

///

12

ANSWER TO COMPLAINT
4:16-CV-07093-

161213.1

### EIGHTEENTH AFFIRMATIVE DEFENSE

**AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Defendants exercised reasonable care to establish and maintain a reasonable written policy – disseminated to all employees – for the prevention and detection of unlawful discrimination, harassment and retaliation, including an internal complaint procedure for addressing alleged actions of discrimination, harassment and retaliation.

### NINTEENTH AFFIRMATIVE DEFENSE

**AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Defendants exercised reasonable care to prevent and promptly correct any allegedly discriminatory, harassing, or retaliatory behavior.

### TWENTIETH AFFIRMATIVE DEFENSE

**AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

The claims of the EEOC on behalf of the Charging Parties violates the United States Constitution in that, among other things, they deny and impinge upon Defendants' procedural and substantive due process rights.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:**

Defendants may be entitled to additional defense(s), of which Defendants are not currently aware. Defendants reserve the right to assert additional affirmative defense(s).

Respectfully submitted,

Dated: March 13, 2017

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP


By: */s/ Hannibal P. Odisho*
    STEVEN D. WERTH
    HANNIBAL P. ODISHO
    Attorneys for Defendant
    GOODWILL INDUSTRIES OF THE
    GREATER EAST BAY, INC. and CALIDAD
    INDUSTRIES, INC.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

14

ANSWER TO COMPLAINT
4:16-CV-07093-

161213.1