United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff**,**<br><br>v.<br><br>**GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC., CALIDAD INDUSTRIES, INC.,**<br><br>Defendants**.** | Case No. 4:16-cv-07093-YGR<br><br>**ORDER RE DEPOSITION OF CHRISTOPHER GREEN**<br><br>Dkt. No. 32 |

Plaintiff in the above-captioned case has moved to quash the deposition subpoena served by defendants on Christopher Green. (Dkt. No. 32.) Plaintiff takes the position that the deposition of Green will be burdensome on plaintiff, duplicative of information contained in the investigate file already produced to defendants, and may likely invade the governmental deliberative process privilege. The Court disagrees.

The deliberative process privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002) (internal quotation marks omitted). In order to be protected by the deliberative process privilege, a document must be both "predecisional" and "deliberative." *Assembly of the State of Cal. v. U.S. Dep't of Comm.*, 968 F.2d 916, 920 (9th Cir. 1992). A "predicisonal" document is one "prepared in order to assist an agency decisionmaker in arriving at his decision" and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id*. (internal quotation marks omitted). A predecisional document is part of the "deliberative

process" if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.* (alteration in original) (internal quotation marks omitted). While factual material generally is not considered deliberative, the relevant inquiry is whether "revealing the information exposes the deliberative process." *Id.* at 921.

Here, defendants have represented to plaintiff and the Court that their line of questioning at Green's deposition will focus on the interviews he conducted, in order to clarify what information was obtained and the responses of those interviewed. (Dkt. No. 32.) Moreover, defendants seek clarification on Green's handwritten notes and typewritten interview summaries. (*Id.*) Depositions of EEOC investigators taken for clarification purposes are routinely permitted. *See, e.g., EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 397–98 (E.D. Cal. 2009) (permitting deposition of EEOC investigator to go forward in order to clarify factual information contained in his investigative file and to answer questions about ambiguous factual references contained therein); *see also, e.g., EEOC v. LifeCare Mgmt. Servs., LLC*, No. 02:08-cv-1358, 2009 WL 772834, at *2 (W.D. Pa. Mar. 17, 2009) (denying motion to quash subpoena of EEOC representative because defendants sought only to obtain facts acquired by the EEOC during its investigation and not any information related to the EEOC's opinions, analysis, or legal theories regarding the charge). Because revealing the information sought by defendants would not expose plaintiff's deliberative process, the deposition of Green can move forward.

In response to plaintiff's concerns about burden, defendants have indicated that the anticipated questions are limited and that defendants are amenable to deposing Green in San Diego. (Dkt. No. 32.) Accordingly, the deposition can proceed on the date noticed in the deposition subpoena on the following conditions:

\\

\\

\\

\\

\\

2

1  The deposition shall take place in San Diego, California and shall not exceed three (3)
2  hours.
3  This Order terminates Docket No. 32.
4  **IT IS SO ORDERED.**
5  Dated: October 27, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**