

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Francisco District Office

450 Golden Gate Avenue, 5th Flr – West
P.O. Box 36025
San Francisco, CA  94102-3661
Main Line: (415) 522-3000
Facsimile: (415) 522-3425

Writer's Direct Dial: (415) 522-3070
Email: Linda.Ordonio-Dixon@eeoc.gov

December 11, 2017

**via ECF**

The Honorable Yvonne Gonzalez Rogers
United States District Court for the Northern District of California
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, CA  94612

    Re:    **EEOC v. Goodwill/Calidad, Case No. 3:16-cv-07093 YGR**
            **Request for Pre-Filing Conference - Partial Summary Judgment**
            **Amended[1] Requested Hearing Date/Time: December 20, 2017, 2:00 p.m.**

Dear Judge Gonzalez Rogers:

Pursuant to your Standing Order in Civil Cases, para. 9(a), Plaintiff Equal Employment Opportunity Commission (EEOC) respectfully requests a pre-filing conference regarding the EEOC's proposed Motion for Partial Summary Judgment.  Subject to the Court's availability, the EEOC requests that the conference be held on December 20, 2017 at 2:00 p.m.

The EEOC engaged in "meet and confer" efforts, including an in-person meeting with Defendants on December 6, 2017, to resolve the issues addressed in the EEOC's proposed motion.  While the parties resolved numerous issues, two remain. As discussed below, the EEOC's motion will seek summary adjudication as to 1) whether Defendant Goodwill was a "joint employer" of Defendant Calidad's employees and 2) whether the alleged harasser in this case, Warren Ross, was a "supervisor" under Title VII.  Summary adjudication would streamline the claims at trial and is appropriate because there are no disputes as to the material facts that evidence these two issues.

    **I.  Background**

As relevant to the proposed motion, the EEOC's alleges claims of sexual harassment under Title VII of the Civil Rights Act of 1964 (Title VII) as well as wage discrimination under the Americans with Disabilities Act (ADA).  Ten claimants with sexual harassment and/or wage discrimination claims are or were direct employees of Defendant Calidad Inc. (Calidad) working at the Oakland Federal Building (OFB).  Calidad is an affiliate created by Defendant Goodwill of the Greater East Bay (Goodwill).

---

[1] This letter amends the hearing date in the EEOC's earlier filed letter (Docket No. 36) from December 15, 2017 to December 20, 2017.

The EEOC also alleges claims of retaliation and constructive discharge on behalf of two managers who were direct employees of Defendant Goodwill.  The direct reports of these two managers were Calidad employees and included the sexual harassment and wage discrimination claimants in this lawsuit.  The retaliation claims of the managers stem from their advocacy on behalf of the female Calidad employees who complained of sexual harassment.

## II. Grounds for Motion for Partial Summary Judgment

### 1. Defendant Goodwill is a "Joint Employer" of Defendant Calidad's employees.

"Two or more employers may be considered 'joint employers' if both employers control the terms and conditions of employment of the employee." *EEOC v. Pac. Mar. Ass'n*, 351 F.3d 1270, 1275-7 (9th Cir. 2003). To determine whether a joint employment relationship exists, the Ninth Circuit applies an "economic reality test" that takes into consideration whether the alleged joint employer (1) supervised the employee, (2) had the power to hire and fire him, (3) had the power to discipline him, and (4) supervised, monitored and/or controlled the employee and his work site. *EEOC v. Global Horizons, Inc.*, 860 F. Supp. 2d 1172, 1183 (D. Haw. 2012), on reconsideration in part sub nom. *EEOC v. Global Horizons, Inc*., No. CV 11-00257 DAE-RLP, 2012 WL 12883670 (D. Haw. May 31, 2012).

The undisputed facts in this case demonstrate that Defendant Goodwill had complete control over all aspects of Defendant Calidad employees' work. The highest-ranking manager at Calidad's OFB operations is a "program manager," who is employed by Goodwill.  During the time period relevant to this lawsuit (2009 to 2012), the Goodwill program manager's direct reports were all Calidad employees, including all of the sexual harassment and wage discrimination claimants in this case.  Calidad employees were instructed to direct complaints of sexual harassment to Cheryl Sudduth, also a Goodwill manager.  Indeed, Ms. Sudduth responded to and investigated the Calidad employees' complaints of sexual harassment that are the subject of this lawsuit. Goodwill managers also made decisions directly impacting individual employees' work status.  As an example, Goodwill managers determined whether to grant reasonable accommodations for disabilities of Calidad employees.  Goodwill managers reviewed the wage assessments that set Calidad employees' salaries and conducted training to Calidad personnel on how to complete such assessments.  Goodwill managers also had the authority to hire, discipline, and fire Calidad employees. As an example, a Goodwill manager reviewed Calidad apprentice applications to determine whether they were qualified for employment with Calidad and ultimately made the decisions as to hiring. Goodwill's Human Resource manager set workplace policies for Calidad employees. Indeed, Calidad did not have its own human resources officer or a separate employee handbook for its non-disabled employees.  In summary, the evidence of record will show that Goodwill management completely controlled the Calidad employees' work and policies.  It cannot be reasonably disputed that Defendants Goodwill and Calidad are joint employers of the Calidad Claimants.

### 2. Alleged Harasser Warren Ross was a "Supervisor."

The U.S. Supreme Court has held that "an employee is a 'supervisor' for purposes of vicarious liability under Title VII if he is empowered by the employer to take tangible employment

actions against the victim." *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013). As an example, supervisors are individuals that can "make economic decisions affecting other employees under his or her control." *Vance* at 2448.

Warren Ross was a "lead janitor" on the nightshift for Defendant Calidad. He supervised the work of employees on the night shift at the OFB. His authority went far beyond that of simply directing employees' work. One of his prime responsibilities was conducting wage assessments that set the employees' salary. Mr. Ross also conducted the apprentice janitors' performance appraisals. To complete these appraisals, he was given full access to the employees' confidential medical and personnel information. Mr. Ross completed numerous disciplinary write-ups for employees. He also had the authority to transfer employees and reassign them to tasks outside of their normal scope. In addition, every one of the sexual harassment claimants will testify at trial that they considered Mr. Ross their direct supervisor. *See Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 217–18 (3d Cir. 2017) (noting as important that both employer and sexual harassment victim viewed harasser as supervisor). Furthermore, Goodwill's managers also considered Mr. Ross to be a supervisor. Mr. Ross received sexual harassment training for supervisors from Goodwill. In addition, Cheryl Sudduth, the Goodwill manager who investigated the complaints of sexual harassment, wrote in her investigative summaries that Warren Ross had "chief responsibility for supervising workers" and that Ross's "reporting relationship" with the complainants was that he was their "direct supervisor." VP of Operations of Goodwill, Kevin Anderson, also considered Mr. Ross a supervisor and counseled Mr. Ross regarding his supervising responsibilities.

Based on "meet and confer" discussions, EEOC understands that Defendants will claim that Mr. Ross was not a supervisor because he could not discipline employees without the approval of the program manager, who worked on the day-shift. Even accepting this as true for the purposes of summary adjudication, the *Vance* court addressed such a scenario. The court noted that where employers "attempt to confine decision-making power to a small number of individuals, those individuals will have a limited ability to exercise independent discretion when making decisions and will likely rely on other workers who actually interact with the affected employee." *Vance* at 2452. To illustrate this point, the *Vance* court quoted from *Rhodes v. Ill. Dep't of Transp.*, 359 F.3d 498, 509 (7th Cir. 2004), which stated: "[a]lthough they did not have the power to take formal employment actions vis-à-vis [the victim], [the harassers] necessarily must have had substantial input into those decisions, as they would have been the people most familiar with [the victim's] work—certainly more familiar with it than the off-site [] Manager." Citing this example, the *Vance* court held that "[u]nder those circumstances, the employer may be held to have effectively delegated the power to take tangible employment actions to the employees on whose recommendations it relies." *Vance* at 2452. Here, the undisputed facts demonstrate that Mr. Ross wielded significant control over the employees on the nightshift and that Defendants effectively delegated to him the authority to take tangible employment actions. Mr. Ross is thus a "supervisor" under Title VII.

Based on the foregoing, Plaintiff EEOC respectfully requests leave from this Court to file its Motion for Partial Summary Judgment as to the two issues outlined above.

Sincerely,
/s/Linda S. Ordonio-Dixon
LINDA S. ORDONIO-DIXON