ROBERTA L. STEELE, SBN 188198 (CA)
JOHN F. STANLEY, SBN 15418 (WA)
LINDA S. ORDONIO DIXON, SBN 172830 (CA)
SIRITHON THANASOMBAT, SBN 270201 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Floor West
P.O. Box 36025
San Francisco, CA 94102-3661
Telephone No. (415) 522-3070
Fax No. (415) 522-3425
Linda.Ordonio-Dixon@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC., CALIDAD INDUSTRIES, INC.,<br><br>Defendants. | Case No.: 4:16-CV-07093-YGR<br><br>**[PROPOSED] CONSENT DECREE** |

Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) brought this lawsuit under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, retaliation and disability, and to provide appropriate relief to charging parties Phyllis Sloan, Carla Fuller, Stephanie League, Ann Burton, Lisa Short, Doward Washington, and Raynesha McGhee-Reed and aggrieved employees Crystal Edwards, Lucy Tyson, James Blaylock, and Alicia Candies who were adversely affected by such practices. The EEOC alleged

that Defendants GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC. (Goodwill) and CALIDAD INDUSTRIES, INC. (Calidad) subjected the charging parties and similarly situated aggrieved employees to sexual harassment; retaliated against Lisa Short and Doward Washington based on their participation in internal and external investigations of sexual harassment, resulting in Lisa Short's constructive discharge; and, subjected charging parties and similarly situated aggrieved employees to different terms and conditions of employment based on disability which resulted in a denial of fair payment for work performed. In addition, the EEOC alleged that Defendants further violated the ADA by commingling medical records with employee personnel records thereby failing to keep the medical records confidential. Defendants deny all claims.

In the interest of resolving this matter the EEOC, Goodwill and Calidad (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree and without further contested litigation.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

**I.     GENERAL PROVISIONS**

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendants' obligations as set forth herein.

This Consent Decree comprises the full and final resolution of all claims pled in the Complaint in this action and constitutes a complete resolution of all claims of discrimination that were made or could have been made by the EEOC arising out of the following EEOC Charges of Discrimination:

| | |
|---|---|
| 555-2012-13896 | Phyllis Newells v. Calidad Ind./Goodwill Ind. |
| 555-2012-13897 | Carla Fuller v. Calidad Ind./Goodwill Ind. |
| 555-2012-13898 | Stephanie League v. Calidad Ind./Goodwill Ind. |
| 555-2012-13905 | Ann Burton v. Calidad Ind./Goodwill Ind. |
| 555-2012-14024 | Lisa Short v. Calidad Ind./Goodwill Ind. |
| 555-2013-00207 | Doward Washington v. Calidad Ind./Goodwill Ind. |
| 555-2013-00280 | Raynesha McGhee-Reed v. Calidad Ind./Goodwill Ind. |

This Consent Decree does not, however, resolve any future charge or charges that are not identified above and may be pending with the EEOC.

No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

This Consent Decree is not an adjudication or a finding on the merits of this lawsuit.

This Consent Decree is final and binding.

The Parties will each bear their own costs and attorney's fees in this action.

## II. GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

Defendants and their officers, agents, employees, and successors and assigns at the time that this Decree becomes effective, are enjoined from engaging in any of the following unlawful conduct: (a) discriminating against or harassing any employee based on sex; (b) retaliating against any person because he or she opposes or opposed discriminatory practices made unlawful by Title VII; (c) discriminating against any employee based on disability; and (d) failing to segregate and safeguard the confidentiality of employee medical records. Defendants will provide prior written notice to any potential purchaser of Defendants' businesses, or a purchaser of all or a portion of Defendants' assets, and to any other potential successor, of the Commission's lawsuit, the allegations raised in the Commission's complaint, and the existence and contents of this Consent Decree.

## III. SPECIFIC INJUNCTIVE RELIEF

### A. POLICIES

Within ninety (90) days of entry of this Consent Decree, Defendants shall develop written policies and procedures as described below. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fourteen (14) days of receipt, the EEOC will advise Defendants of any needed changes. Defendants will thereafter incorporate the policies and procedures into the employee handbook.

**1. EEO Policies** – Defendants shall review and revise their written policies and procedures prohibiting harassment and discrimination on the basis of sex and disability and

retaliation for complaining about, reporting or otherwise opposing such harassment and discrimination. The policies and procedures will state that they have been promulgated at the direction of and endorsement by the highest level of management. Defendants shall, in consultation with a vocational rehabilitation or other expert, revise their EEO policies so that they are written in plain and simple language and can be understood and are otherwise accessible to all members of the workforce, including those individuals who may have learning, developmental and/or other disabilities.

**2. Complaint Procedures** – Defendants shall implement employee complaint procedures to ensure convenient access to points of contact and require a timely response by the company. The procedures shall: (a) identify multiple points of contact through which employees can lodge complaints, including contact information for officials who will be available during night-shift hours to field and address complaints of discrimination, particularly sexual harassment; (b) allow complaints also to be made to any supervisory or managerial employee and any member of Defendants' human resources staff; (c) allow complaints to be submitted verbally, without need of the submission of a written statement, and anonymously; (d) allow complainants to be accompanied by a parent, guardian or job coach, if desired, during internal investigation interviews; (e) state that the confidentiality of complainants will be maintained to the extent feasible; and, (f) explicitly allow third parties, such as parents, guardians, job coaches or other representative of the employee's choosing to submit discrimination complaints on their behalf. The procedures shall also include a statement from a high-ranking company official encouraging employees to come forward with complaints of discrimination and reiterating the prohibition against retaliation.

**3. Investigation Procedures –** Defendants shall implement an investigation procedure to ensure fair and competent investigations of complaints of discrimination. The procedures shall, at a minimum, include: (a) a requirement that Defendants will begin the investigation of a complaint no later than two (2) business days after the receipt of a complaint and complete it within fifteen (15) business days; (b) a provision allowing complainants to identify a parent, guardian or job coach to be present during the complainant's investigation interview; (c) a requirement that appropriate remedial action will be taken upon conclusion of the investigation; (d) a

CONSENT DECREE 4 EEOC v. GOODWILL et.al.
4:16-cv-07093-YGR

requirement that the findings and corrective action be memorialized in a written report including, at a minimum, the allegations of the complaint, the identities of all named witnesses, all witness statements, a summary of documentary evidence, an explanation of investigative findings and a description of any corrective action taken; and, (e) a requirement that the results of each investigation, including remedial or disciplinary action taken, be communicated to the complainant within five (5) business days of the conclusion of the investigation.

**4.     Personnel and Medical Record Filing Procedures –** Defendants shall implement a procedure for filing personnel and medical records to ensure that confidential medical information is kept segregated from non-medical personnel records and confidential.  Defendants shall create separate, confidential medical files for their employees and segregate all medical records from existing personnel files within ninety (90) days of entry of this Decree.

**5.     Supervisor Accountability** – Defendants shall adopt performance policies and standards that evaluate supervisors and managers on their compliance with EEO policies and procedures, and which expressly hold all supervisory and management employees accountable for the achievement of a discrimination-free workplace.  Supervisors and managers will be notified that their violations of the companies' anti-discrimination policies shall result in appropriate discipline up to and including termination.  In addition, supervisors shall be informed of their obligation to report any complaint for investigation, prevent and correct any discrimination they observe in the workplace or after receiving notice of discrimination, and shall be warned that a failure to take action may also result in disciplinary action.  Further, Defendants will revise their performance evaluation for supervisors and managers to include a provision evaluating compliance with the revised EEO policies and procedures, including responses to complaints of discrimination. Defendants will use this performance evaluation throughout the duration of this Decree.

**6.     Policy Dissemination** - Defendants shall disseminate within one hundred and fifty (150) days of entry of this Decree all policies revised pursuant to this Consent Decree to all current employees, who shall sign an acknowledgement of receipt.  At a minimum, Defendants shall distribute written copies of all revised policies to all employees and shall make the policies available on the company's bulletin boards and/or intranet site.  New employees shall be provided copies of

all revised policies within five (5) days of hire and shall sign an acknowledgement of receipt. These acknowledgements shall be maintained by Defendants for the duration of the decree.

       **7.** **Future Policy Modifications** - In the event that Defendants modify any of the policies listed in paragraphs 1 through 6, above during the duration of the Decree, Defendants shall submit to the EEOC for its review and consideration the proposed modifications no later than thirty (30) days before adoption. EEOC will notify Defendants within fourteen (14) days of receipt of the proposed modifications if it has any concerns about the proposed modifications. EEOC agrees to review the proposed modifications in good faith.

       **8.** **Job References and File Expungement** - Defendants shall expunge from the personnel files of Lisa Short and Doward Washington any discipline-related documents dated after May 1, 2012. Defendants shall certify to EEOC within thirty (30) of entry of this Decree that they have completed the expungement. Defendants shall provide neutral job references, consistent with Defendants' policies and practices, regarding Ms. Short and Mr. Washington.

**B.** **TRAINING**

    **1. Scope of Training**

Within one hundred and eighty (180) days of entry of this Consent Decree, Defendants will provide training to all employees to ensure that they understand their rights and responsibilities under the anti-harassment, anti-discrimination and anti-retaliation laws, as well as Defendants' policies and procedures. The training shall include specific instruction on Defendants' EEO procedures and policies and will include sample scenarios specifically related to sexual harassment, discrimination and retaliation. The training shall also include information on the Defendants' prohibition against retaliation, the different avenues by which a discrimination complaint may be submitted, and contact information for the EEOC. The training shall include respectful workplace training to educate employees about conduct that is unacceptable in the workplace, including behavior which, if left unchecked, may rise to the level of harassment. The training shall also include bystander intervention training that will emphasize the responsibility of a co-worker who observes workplace harassment to report it to management.

## 2. Non-Supervisory Employee Training

For Calidad's non-supervisory employees, Defendants shall ensure that the training is developed and administered by third-party instructors with expertise in anti-harassment and anti-discrimination matters. Defendants will ensure that the training is presented in-person, is interactive and is in a format that will enable disabled employees to understand their rights and the complaint procedure. The duration of the training shall be determined by the selected trainer but must be sufficient to cover all of the subject matters described in Section III.B.1 above. The subsequent training of new employees shall be conducted on a quarterly basis and may be conducted by a qualified and experienced employee of Defendants'; however, the trainer must follow a curriculum identical to the training developed by the third party for Calidad's non-supervisory employees.

For Goodwill's non-supervisory employees, the training may be conducted online but must address all of the topics described in Section III.B.1. above. The proposed online training materials must be submitted to the EEOC no later than thirty (30) days after the entering of this Consent Decree. Within fifteen (15) days of submission, the EEOC will inform Defendants of any objection to the training. Thereafter, any new Goodwill employees shall receive the online training within thirty (30) days of hire.

## 3. Supervisory/Human Resource Employee Training

All of Defendants' employees with supervisory and/or human resources responsibilities shall receive in person, interactive training regarding the companies' policies and practices (including supervisor performance standards) related to harassment, discrimination and complaint procedures. The training further will inform each participant that he or she is responsible for knowing and complying with the contents of Defendants' anti-discrimination policy and complaint procedures. Defendants shall ensure that the training is developed and administered by third-party instructors with expertise in anti-harassment and anti-discrimination matters. The duration of the training will be at the discretion of the trainer but must be sufficient to adequately address all of the required subject matters described in Section III.B.1. above.

Thereafter, and continuing during the duration of this Consent Decree, Defendants shall conduct annual two (2) hour in person, interactive trainings for all supervisory and human resources

personnel regarding the companies' policies and practices (including supervisor performance standards) related to harassment, discrimination and complaint procedures. This follow-up training may be administered by Goodwill/Calidad personnel with proven anti-discrimination teaching experience and knowledge of the company's anti-discrimination policies and procedures. However, the trainer must include a review of the topics addressed by training developed for employees with supervisory and/or human resources responsibilities as described in the foregoing paragraph.

The initial training of newly hired supervisory and/or human resources employees shall be conducted on a quarterly basis and may be conducted by a qualified and experienced employee of Defendants'; however, the trainer must follow a curriculum identical to the training developed by the third party for Calidad's supervisory and/or human resources employees.

In addition, any Goodwill or Calidad supervisor who supervises Calidad employees must attend the training for Calidad non-supervisory employees described in Section III.B.2. above.

### 4. Investigator Training

Within ninety (90) days of the entry of this Decree, employees designated by Defendants to investigate complaints shall receive specialized in person, interactive training about how to conduct competent and unbiased investigations. Defendants shall ensure that the training is developed and administered by third-party instructors with expertise in conducting investigations of employee complaints of harassment, retaliation and discrimination. The duration of this training shall be at the discretion of the trainer but shall be adequate to address all of the required subject matters described in this paragraph.

Thereafter, new employees with responsibilities for conducting investigations shall receive this training within sixty (60) days of hire. The training of such new employees may be conducted by a qualified and experienced employee of Defendants'; however, the trainer must follow the curriculum for investigator training described in the preceding paragraph.

5. Defendants shall ensure that participants sign attendance sheets to certify participation in training.

6. Defendants shall identify all proposed trainers and/or curriculum consultants for the trainings required for the Calidad non-supervisory employees described in Section III.B.2, the

supervisory/human resources employee training described in Section III.B.3 and the investigator training described in Section III.B.4 within thirty (30) days of the entry of the Decree. The EEOC will raise any objections to the proposed trainers/consultants within fifteen (15) days of identification. Within thirty (30) days after the selection of a trainer, Defendants shall forward the proposed training curriculum and training materials to EEOC. Thereafter, for all subsequent training sessions, Defendants shall provide the EEOC with copies of all training materials (if changed in any way) no later than thirty (30) days prior to use. The EEOC will advise Defendants of any objections or comments to proposed training materials within fifteen (15) days.

       7.       All costs of training shall be borne by Defendants.

**C.    POSTING**

The Notice of the Consent Decree, attached hereto as Exhibit A, shall be posted within sixty (60) days of entry of this Decree, and shall remain posted on company bulletin boards located in employee areas at all of Defendants' facilities/locations for the duration of the Decree. Prior to posting, Defendants' vocational rehabilitation or other expert referenced in Section III.A.1, above, shall review Exhibit A and ensure that it is written in plain and simple language and can be understood and is otherwise accessible to all members of the workforce, including those individuals who may have learning, developmental and/or other disabilities. The EEOC shall be notified of any changes made to Exhibit A by the expert. Should the Notice become defaced, marred, or otherwise made unreadable, Defendants will ensure that new readable copies of the Notice are posted. Within sixty (60) days of entry of this Decree, Defendants will send the EEOC a certification that the Notice has been posted in accordance with this paragraph.

**D.    CONSULTANT**

Defendants shall engage, throughout the duration of this Decree, a third-party consultant to monitor and/or assist Defendants' responses to complaints of sexual harassment and discrimination. The consultant shall have expertise conducting and/or assessing harassment and discrimination complaint investigations. The consultant will review Defendants' responses to complaints of harassment and discrimination, including investigations, and provide corrective instruction and/or feedback to Defendants' investigators. The consultant shall review the investigative file, may

interview the investigator if additional information is needed, and request to sit in on witness interviews if needed to coach the investigator. The consultant shall also provide guidance in determining any corrective action to be taken as a result of a complaint of harassment or discrimination. The consultant shall provide quarterly reports over the term of this Consent Decree to Defendants' Boards of Directors regarding the internal complaint investigations.

The consultant's quarterly reports shall assess the quality of Defendants' responses to each complaint of sexual harassment and discrimination lodged during the prior quarter. The quarterly reports shall describe the complaint made, summarize the investigation conducted, identify who was interviewed including any witness statements obtained, indicate the dates the investigation was conducted, state the findings made, and assess the quality of the investigation. In such making such quality assessments, the consultant shall report as to the following: whether Defendants' investigations are prompt, objective and thorough, with guidance for ensuring such outcomes as needed; where harassment or discrimination was found to have occurred, whether corrective action was prompt and proportionate to the conduct at issue and the severity of the infraction; and whether corrective action was imposed consistently and without giving or appearing to give undue favor to any particular employee.

Defendants shall identify the proposed consultant within thirty (30) days of the entry of the Decree. The EEOC will raise any objections to the proposed consultant(s) within fifteen (15) days.

**E. REPORTING**

Annually on the anniversary of the entry of the Consent Decree, Defendants shall make the following reports:

1. For each year after the entry of the decree, Defendants shall provide the following information for any employee who has made a complaint regarding sexual harassment, retaliation and/or disability discrimination.

    a. Name of the individual. At the written request of the EEOC, Defendants will provide the full address and telephone numbers of the individual within seven (7) days.

    b. A report of the resolution of each complaint, including the identification of the

individuals involved, their titles, the particulars of the complaint, a summary of the investigation, the company's determination, and any corrective action taken.

2. Name(s) and title of individual(s) who received, investigated and or otherwise addressed and or took action based on the complaint.

3. Defendants shall verify and confirm by declaration from both Goodwill and Calidad's Presidents that they have segregated medical records from non-medical personnel records.

4. For each reporting time period, Defendants shall verify and confirm by declaration from each company's President that the posting requirements described in section III.C., above, have been met.

5. For each reporting time period, Defendants shall verify and confirm by declaration from each company's President that the training requirements described in Section III.B. have been met. The declaration shall attach the sign-in sheets for each training session conducted that year.

6. All foregoing reports and declarations shall be submitted to the EEOC's counsel of record, Linda Ordonio-Dixon, at 450 Golden Gate Ave., 5th Floor West, PO Box 36025, San Francisco, CA 94102-3661 or linda.ordonio-dixon@eeoc.gov.

**F.     MONETARY RELIEF**

In settlement of the EEOC's claims in this lawsuit, Defendants shall pay the amount of Eight Hundred and Fifty Thousand Dollars ($850,000.00), hereinafter "Settlement Sum."

No later than sixty (60) days after the entry of this Consent Decree, the EEOC shall provide to Defendants a list with the names and addresses of each person who will share in the settlement sum along with the amount of relief each individual will receive, which amounts shall be determined solely at the discretion of the EEOC. At the same time, the EEOC will inform Defendants whether, and to what extent, a settlement payment is subject to withholding and whether Defendants shall issue an IRS Form W-2 and/or IRS Form 1099.

Payment shall be made to each individual no later than thirty (30) days after the EEOC

provides the amounts of disbursement for each individual. Payment shall be in the form of a settlement check made payable and sent directly to each charging party/claimant in the amounts determined by the EEOC.

Defendants shall transmit a photocopy of each disbursement to the EEOC's counsel of record, Linda Ordonio-Dixon, at 450 Golden Gate Ave., 5th Floor West, PO Box 36025, San Francisco, CA 94102-3661 or linda.ordonio-dixon@eeoc.gov.

## IV. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

This Consent Decree shall terminate three (3) years from the date of entry by the Court, unless the EEOC petitions this Court for an extension of the Decree because of non-compliance by either or both Defendants. If the EEOC determines that either or both Defendants have not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach and will not petition the Court for enforcement sooner than thirty (30) days after providing such written notification. The thirty-day (30) period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the Court and the Court finds either or both Defendants to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

Except for the Court's retention of jurisdiction solely to enforce this Consent Decree as provided in the preceding paragraph for three (3) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice effective upon the Court's approval of this Consent Decree.

Defendants will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that either or both Defendants have failed to comply with any of the terms of this Decree. This Consent Decree will automatically expire without further Court Order.

//
//
//
//
//

# ORDER APPROVING CONSENT DECREE

The Court, having considered the foregoing stipulated agreement of the parties, HEREBY ORDERS THAT the Consent Decree be, and the same hereby is, approved as the final decree of this Court in full settlement of this action. This lawsuit is hereby dismissed with prejudice and without costs or attorneys' fees. The Court retains jurisdiction of this matter for purposes of enforcing the consent Decree approved herein.

Dated: May 2, 2018

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By:_//s//Roberta L. Steele____
ROBERTA L. STEELE
Regional Attorney, San Francisco District Office
For Plaintiff EEOC

Dated: May 2, 2018

GOODWILL OF THE GREATER EAST BAY, INC

By:_//s//Jim Caponigro_____
For Defendant Goodwill

Dated: May 2, 2018

CALIDAD INDUSTRIES, INC

By:_//s//Jim Caponigro_____
For Defendant Calidad

**IT IS SO ORDERED:**

Dated: May 9, 2018

HON. YVONNE GONZALEZ ROGERS
U.S. District Court Judge

# NOTICE TO ALL EMPLOYEES

Goodwill Industries of the Greater East Bay, Inc. and Calidad Industries, Inc. (Goodwill/Calidad) were sued by a federal agency called the Equal Employment Opportunity Commission or EEOC. The title of the lawsuit is: EEOC v. Goodwill Industries of the Greater East Bay, Inc. and Calidad Industries, Inc. Civil Action No. 4:16-CV-07093-YGR. The lawsuit was filed at the Oakland Federal Courthouse. This notice is being posted by order of a judge to settle the lawsuit.

In the lawsuit, the EEOC claimed the following:

1. Goodwill/Calidad knew about the claimed sexual harassment of employees at the Oakland Federal Building that had occurred on or before 2012, but did not stop it.
2. Goodwill/Calidad retaliated against employees who complained about sexual harassment or were witnesses for an employee that complained.
3. Goodwill Industries and Calidad didn't fairly evaluate disabled employees' work so they could get increased wages.
4. Goodwill/Calidad did not keep employee medical information confidential.

In response to the EEOC's claims, Goodwill/Calidad denied the allegations of wrong doing.

The Parties' agreed-to Order requires Goodwill/Calidad to review and revise, if necessary, their policies and procedures to prevent sexual harassment, to prevent retaliation against employees that complain, and to keep medical information confidential. Goodwill/Calidad will also train supervisors and managers to ensure appropriate conduct in the workplace.

If you have any questions or complaints of discrimination, you can follow the complaint process in your handbook, or you can contact the EEOC. The EEOC is the federal agency that protects employees from sexual harassment, retaliation or unfair treatment because of disability. Talking to the EEOC is free and the agency has employees that speak different languages including English, ASL, Spanish and many other languages.

For information about the EEOC, including the location nearest to you can contact:

Website: www.eeoc.gov
TDD: (515) 625-5610
Email: info@ask.eeoc.gov

An office of the EEOC is located at in the Oakland Federal Building at:

1301 Clay Street, Suite 1170-N
Oakland, CA 94612-5217
(510) 637-3230

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT MUST NOT BE DEFACED OR OBSCURED**